**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tyson Wayne LIEBMAN, Defendant–
Appellant.**

**No. 08–30085.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 22, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eric B. Wolff, Esquire, Assistant U.S., Edward Eric Zink, Esquire, Special Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Tanya Dvarishkis, Esquire, Hendrickson Everson Noennig & Woodward, PC, Billings, MT, for Defendant–Appellant.

Before: REAVLEY,** Senior Circuit Judge, TALLMAN and M. SMITH, Circuit Judges.

### MEMORANDUM ***

Tyson Liebman appeals the district court's denial of his motion to suppress. He additionally challenges the court's sentencing determination. Because the parties are familiar with the facts and procedural history, we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Liebman asserts that the district court erred in admitting evidence obtained pursuant to what he alleges was an invalid investigatory *Terry* stop. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Where an " 'officer observes un- usual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot ...,' the officer may briefly stop the suspicious person and make 'reasonable inquiries' aimed at confirming or dispelling his suspicions." *Minnesota v. Dickerson,* 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (quoting *Terry,* 392 U.S. at 30, 88 S.Ct. 1868). Reasonable suspicion is determined by the totality of the circumstances. *United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

■ Ranger Ward personally observed what he thought was a littering violation on Bureau of Land Management ("B.L.M.") property outside of Billings, Montana. Through his routine practice, he watched Liebman and his acquaintances while they shot and reloaded their guns. He noticed that while the group did retrieve some spent casings, at the end of their shooting, they did not lean down to retrieve the remaining casings. This led him to believe that the group had left the remainder of the spent shells and hulls on the ground. Based on the totality of the circumstances, it was reasonable for Ranger Ward to believe a littering violation had occurred. Once he developed this reasonable suspicion, he was justified in stopping the group's vehicle to either "confirm[ ] or dispel[ ] his suspicions." *Dickerson,* 508 U.S. at 373, 113 S.Ct. 2130.

■ When Liebman failed to produce identification during the investigatory stop, Ranger Ward ran his name and birth date and subsequently learned Liebman was a convicted felon. The Ranger had seen Liebman shooting on the B.L.M. grounds and knew firearms were in the vehicle he lawfully stopped under *Terry.* Therefore, we conclude that the evidence obtained

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

during the *Terry* stop was properly admitted against Liebman.

■ A district court's sentencing determination is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). An appellate court reviews the sentence imposed by the district court for reasonableness. *Id.*; *see also United States v. Mohamed*, 459 F.3d 979, 986–87 (9th Cir. 2006).

Liebman admits the court did not err in calculating the appropriate base offense level, but he argues the court imposed an overly harsh sentence in light of the 18 U.S.C. § 3553(a) factors. We conclude that the district court adequately addressed the statutory factors and therefore neither procedurally erred nor imposed a substantively unreasonable sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc).

**AFFIRM.**